UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DELORA BROWN and CHARLES COATY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 23 cv 50358 |
| | ) | |
| MIDLAND STATES BANK, MICHELLE YATES, | ) | Hon. Iain D. Johnston |
| Individually and as agent/employee of MIDLAND | ) | Hon. Margaret J. Schneider |
| STATES BANK, | ) | |
| | ) | |
| Defendants. | ) | |

## 1ST AMENDED COMPLAINT

**COMES NOW,** Plaintiff, Chares Coaty (Coaty) and Delora Brown (Brown), by and through undersigned counsel, and brings this action against Defendants Midland States Bank (together known as "Midland") and Michelle Yates (Yates), collectively "Defendants", and as grounds thereof alleges as follows:

### I. INTRODUCTION

1. At all times relevant, Delora Brown, is an African American owner/principal of a commercial janitorial agency, Pure Janitorial and Maintenance (Pure Janitorial). Charles Coaty was Ms. Brown's agent with complete power to exercise open any deposit or share accounts in the name of the business, endorse checks, withdraw, and deposit funds, borrow money on behalf of the business, and sign and execute promissory notes; endorse, assign, transfer, mortgage, pledge bills and property as security for amounts borrowed, and perform duties as a co-owner.

In 2021, Delora Brown dba Pure Janitorial employed approximately ten-twelve people of color. After being vetted, Ms. Brown was approved for a $338,700.00 Small Business Loan (SBA Loan) by the Small Business Administration (SBA) which plaintiffs intended to use to help keep

1

their business going and allow it to grow. The loan was deposited into Midland State Bank. Thereafter, when Coaty and Brown arrived at Midland States Bank, the Bank, without basis, suspected them of fraud and without notice froze and removed the funds from Plaintiffs' account, returning it to SBA. Subsequently, the SBA advised Plaintiffs that it never requested the funds to be returned.

2. On this unfortunate day, Coaty and Brown were reminded that despite their hard work and long relationship with Midland, discrimination still exists and that simply because of the color of their skin Midland's staff denied them services provided to non-African American customers.

3. Accordingly, Coaty and Brown commence this action against Defendants to recover damages pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §, et seq., as amended, ("Section 1981").

## II.    JURISDICTION

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it arises under a statute of the United States, specifically Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §, *et seq*., as amended, ("Section 1981") which forbids racial discrimination against any person in the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

5. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over any and all state law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally-based claims and causes of action.

## III.    VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, subsections (b)(2), (c)(2), and

(d) because Defendant Midland States Bank is deemed by that statute to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within Illinois within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. Defendant does a considerable and substantial amount of business in this District, employs numerous persons within this District, and regularly solicits business from the citizens of this District. Upon information and belief, individual Defendants Michelle Yates regularly conducts business within and from this District, serves and seeks to serve the citizens of this District, maintains residence in this District, and otherwise purposely avails herself of the benefits of this District. In addition, venue in this judicial district is proper because the incident in question occurred in this District and therefore a substantial part of the events or omissions giving rise to the claim occurred here.

## IV.     PARTIES

7.      Plaintiff, Charles Coaty and Delora Coaty were and are U.S. Citizens, over the age of eighteen years of age, and have standing to bring a claim under Section 1981. Brown does business as Pure Janitorial and Maintenance, located at 748 Gabriela Court, Rockford, Illinois, 61108, and Coaty is her agent with complete authority to run the business and interact with banks and loan officers as stated in paragraph one.

8.      Defendant, Michelle Yates (Yates), is an individual who resides in Illinois and can be served with process at her place of employment Midland States Bank, 6838 E. State St., Rockford, IL 61108, or wherever this Defendant may be found.

9.      Defendant, MIDLAND STATES BANK is a banking subsidiary of Midland States Bankcorp, Inc. with its principal place of business at 6838 E. States St., Rockford, Illinois, 61108, Winnebago County. This Defendant does business in the State of Illinois and in the Western District of Northern Illinois through its bank, including the one at issue at 6838 E. State St. Rockford, IL

61108, and through its website. This Defendant can be served with process through its registered agent, CT Corporation System, 208 So. LaSalle St., Ste 814, Chicago, Illinois 60604.

## V.     FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

10.     Brown and Coaty provide in this section the general substance of certain factual allegations.

11.     Brown and Coaty are African American owners/agents of a commercial janitorial agency, Pure Janitorial and Maintenance, which in 2021 employed approximately 10 employees. The company has been in business for approximately 13 years.

12.     Brown, on behalf of Pure Janitorial and Maintenance, applied for an Economic Injury Disaster Loan with the Small Business Administration (SBA), application #3321144142.

13.     On or about October 11th, 2021, the SBA authorized, under Section 7(b) of the Small Business Act (as amended) a loan (SBA Loan #1996799102) to Delora Brown of 748 Gabriela Ct., Rockford Illinois, in the amount of three-hundred and thirty-eight hundred dollars and zero cents ($338,800.00).

14.     The SBA Loan required repayment of $1,697 monthly starting 18 months from the date of the promissory note, to be fully paid within 30 years at an interest rate of 3.75% per annum. The loan was to be used as working capital to alleviate the economic injury caused by COVID. As part of the loan requirements, Plaintiffs were required to obtain and itemize receipts and contracts for all Loan Funds, to be submitted to the SBA upon request.

15.     On or about October 16, 2021, Plaintiffs were advised, through the SBA loan portal, that the loan was funded and that they should check their Midland account.

16.     On or about October 16, 2021, Plaintiffs went to Midland States Bank, and met with Michelle Yates, who advised Plaintiffs she was Vice President of Midland. At that time, Yates began questioning Plaintiffs as to what specifically they would do with the money, why did they think they needed it, and indicated to them that other businesses needed it more than Plaintiffs did. Plaintiffs

advised her that one of the big purchases they were planning was a truck with a lift and gate, which would increase their capacity and ability to bid and complete bigger jobs. Since the funds had not yet cleared, Plaintiffs left.

17. Later that day or soon thereafter, Plaintiffs returned to Midland, and Yates advised them that SBA wanted the loan back and that she was going to comply with the request. Yates advised them to leave and come back later. Before leaving, Brown asked how SBA had advised them that they wanted the funds back.

18. A Midland employee, by the name of Shazma (sic), advised Plaintiffs that Midland's Fraud department spoke with SBA fraud department, at which time Yates interrupted her and told Plaintiffs that SBA simply wanted the loan funds returned. When Plaintiffs asked how the communications took place, Yates advised them it was via email.

19. Plaintiffs requested copies of the emails, yet Midland States Bank refused to produce them.

20. Plaintiffs contacted the National Association for the Advancement of Colored People (NAACP) and was directed to Ms. Langdon who has expertise in finance and banking.

21. Plaintiffs and Ms. Langdon returned to Midland on or about October 17, 2021 and again met with Yates. Plaintiffs again demanded to see proof from the SBA asking for the funds back, to which Yates advised them that there was nothing that they could do, after which Yates walked out of the meeting.

22. As Plaintiffs were leaving, an employee of the Bank approached them, and advised them that Yates and Midland had been doing this to other African American small business owners.

23. On or about October 18, 2021, Midland initiated the return of the $338,700 loan, which cleared on or about October 19, 2021.

24. On or about October 22, 2021, the SBA sent Brown payment vouchers to begin payments of $1,697 per month, starting on April, 14, 2023. Interest began to accrue on the loan in October,

2021 despite Midland sending the loan money back to the SBA and Plaintiffs not receiving the funds until August/September 2022.

25. Thereafter, Plaintiffs spoke with SBA, who advised them that it had not requested the loan back.

26. Plaintiffs called Midland States Bankcorp in Effingham indicating to them that they planned to sue. Sometime in November 2021, the SBA Director from Midland States Bank contacted Plaintiffs and asked them what could be done to make it right. Since then, despite attempts to discuss the matter further, Defendant has not attempted to "make it right."

27. Plaintiffs had to then open an account with Illinois Bank Trust and transferred most of the funds from to a new account.

28. On December 6, 2021, Plaintiffs opened an account with Midland States Bank Rockford Cherry Valley, 1972 Pawlish Dr., Rockford Il 61112.

29. On April 18, 2022, the SBA contacted Brown and advised her that it was the Defendants that had returned the loan funds, which contradicts the Defendant's version of events in which Defendants stated that the SBA had demanded that Defendants return the loan funds.

30. Brown had to reapply for the SBA loan which was finally deposited into their account in the Illinois Bank and Trust in August 31, 2022.

31. After being denied services at Midwest States Bank, Plaintiffs had an adverse emotional reaction over this humiliation. After years of hard work, 6-7 years banking with Defendants, they were humiliated and treated like criminals and accused of fraud.

32. For months, Plaintiffs incurred fees, interest on credit cards and were unable to buy capital assets to allow them to bid for larger contracts, all of which caused them great anxiety and economic hardship.

## VI. CAUSES OF ACTION & DAMAGES

### COUNT I:
### COMPENSATORY AND PUNITIVE DAMAGES AND ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1981

1-32. Plaintiffs repeat, reallege, and fully incorporates each and every allegation contained in Paragraphs 1 through 32 of this Complaint as though such allegations were fully set forth herein.

33. Plaintiffs had a right under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq*. to be free from discrimination based on her race in the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," including receiving and using the SBA loan that they had been approved for in October 2021.

34. The Defendants acted out of racial animus in denying Plaintiffs their federally protected rights and intentionally treated them in a base, criminal, and subhuman manner at Midland States Bank. Their discriminatory and humiliating treatment of Plaintiffs was utterly unacceptable in civilized society and was an affront to the values that society expects in the equal treatment of all persons, especially those who seek to open accounts in banks licensed by the United States government and enjoy the privileges of operating retail community banks under federal regulations. Moreover, Defendants' various intentional acts that wrongfully denied use of federally approved loan, obfuscated the events surrounding the loan and return of the funds, and in which Yates made an unapproved withdrawal from Plaintiffs' business account, are additional acts of racial discrimination that are violative of the aforesaid federally protected rights and are unacceptable in civilized society.

35. Defendants acted outside their authority permissible under State and Federal law and were also contrary to Defendants' own rules and regulations applicable to this bank account.

36. The Defendants are liable to Plaintiff, jointly and severally for compensatory damages under 42 U.S.C. § 1981 for their intentional acts and omissions that caused Plaintiff to sustain and endure

severe emotional distress, mental anguish, disgust, revulsion, nausea, embarrassment, disparagement, shock, and utter humiliation, in an amount of at least $500,000, or as determined by the trier of fact.

37. Yates, individually, personally acted with malice and/or reckless indifference toward Plaintiffs' federally protected rights; singled them out for discriminatory treatment based upon their racial classification as well as Brown's gender; humiliated them by their conduct; concealed and misrepresented the facts surrounding the loan and return of said loan; violated 12 CFR § 229 et al, (2021) by refusing to release said funds within five business days or at most after a ten day freeze; by conversion, embezzlement, misappropriating, mishandling and interfering with Plaintiffs' use of said funds from their account; and by interfering with Plaintiffs' ability to conduct business using the loans - all for the purpose of preventing Plaintiffs from enjoying those rights afforded to them under the law. Accordingly, the Defendants are also liable to Plaintiffs, jointly and severally, for punitive damages under 42 U.S.C. § 1981 because their conduct was based on malice and/or reckless indifference to Plaintiff's legal rights - in an amount of at least $500,000 or as determined by the trier of fact.

38. In addition, the Defendants' conduct as described hereinabove has caused Plaintiffs to incur attorneys' fees and costs and will continue to cause Plaintiffs to incur such fees and costs until this action has been resolved, and Plaintiffs are entitled to recover those attorneys' fees and costs in accordance with applicable federal laws.

WHEREFORE, Plaintiffs Delora Brown and Charles Coaty pray for judgment against Defendants, jointly and severally, for compensatory damages of at least $500,000 or in an amount to be determined by the jury at trial, for punitive damages of at least $500,000 or in an amount to be determined by the jury at trial, and for their attorneys' fees, costs, pre and post judgment interest

and such other and further relief as the Court shall deem just and proper.

## COUNT II:
## COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO STATE LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-32.  Plaintiffs repeat, reallege, and fully incorporate by reference each and every allegation contained in Paragraphs 1 through 3 of this Complaint as though such allegations were fully set forth herein.

33. The aforesaid acts and omissions by Defendants were outrageous and utterly intolerable in civilized society, were malicious and/or were conducted with reckless indifference to the likelihood that emotional distress would result and were intentional toward Plaintiffs and intended to cause them emotional distress. They therefore constitute the tort of intentional infliction of emotional distress.

34. The Defendants personally acted with malice and reckless indifference toward Plaintiffs' federally protected rights, singling them out for discriminatory treatment because they are African American - humiliating them, and lying to them to prevent them from enforcing their federally protected rights. Accordingly, Defendants are liable to Plaintiffs, jointly and severally, for compensatory damages under applicable Illinois State laws because their conduct was based on malice and/or reckless indifference to Plaintiffs' legal rights, in an amount of at least $500,000 or as determined by the trier of fact.

WHEREFORE, Plaintiffs Delora Brown and Charles Coaty pray for judgment against Defendants, jointly and severally, for compensatory damages of at least $500,000 or in an amount to be determined by the jury at trial, for punitive damages of at least $500,000 or in an amount to be determined by the jury at trial, and for their attorneys' fees, costs, pre and post judgment interest and such other and further relief as the Court shall deem just and proper.

## COUNT III:
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

1-32. Plaintiff Brown repeats, realleges, and fully incorporates by reference each and every allegation contained in Paragraphs 1 through 32 of this Complaint as though such allegations were fully set forth herein.

33. Plaintiff Brown and SBA entered into a valid and enforceable SBA loan agreement.

34. At all times relevant, Defendants were aware of the SBA loan agreement.

35. The Defendants intentionally and unjustifiably induced the SBA to breach the contract when Defendants returned the loan funds to the SBA, thereby preventing SBA from fulfilling its agreement to loan the funds to Plaintiff Brown.

36. Under the circumstances pleaded in this case, Yate's conduct in returning the loan funds exceeded the scope of her authority and was outside of Defendant Bank's interests.

37. Defendant's wrongful conduct caused the SBA to breach the SBA loan agreement.

38. Said conduct was done with actual malice and oppression and was done willfully with a wanton disregard for the rights of Plaintiff Brown.

39. Plaintiff Brown suffered damages as a result of the breach of contract, including loss of benefits of the contract, lost customers, out of pocket expenses and fees, lost profits, loss of interest on said loan, harm to reputation, emotional distress and punitive damages (which under Illinois may include attorneys' fees).

WHEREFORE, Plaintiff Delora Brown prays for judgment against Defendants, jointly and severally, for compensatory damages of at least $500,000 or in an amount to be determined by the jury at trial, for punitive damages of at least $500,000 or in an amount to be determined by the jury at trial, and for their attorneys' fees, costs, pre and post judgment interest and such other and further relief as the Court shall deem just and proper.

Dated: <u>January 17,</u> 2024                      Respectfully Submitted,

                                         *<u>/s/ Michael Rothmann</u>* #6237995
                                         **ROTHMANN LAW**
                                         201 S. Grove Ave. 4th Floor
                                         Barrington, IL 60010
                                         Phone: 312-757-7560
                                         michael@rothmannlaw.com
                                         **ATTORNEYS FOR PLAINTIFFS**